UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WARREN E. BELL, ) | |
| ) | CASE NO. C14-0677-RSM-MAT |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER RE: PENDING MOTIONS |
| ) | |
| SOUTH CORRECTIONAL ENTITY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's motion for appointment of counsel and on defendant's motion to strike documents. The Court, having reviewed the pending motions, and the balance of the record, hereby finds and ORDERS as follows:

(1) Plaintiff's motion for appointment of counsel (Dkt. 11) is DENIED. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236

ORDER RE: PENDING MOTIONS
PAGE -1

(9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff has not, at this juncture, demonstrated a likelihood of success on the merits in this case. Moreover, the legal issues in this case are not complex and plaintiff has demonstrated an ability to articulate his claims without the assistance of counsel and to advocate on his own behalf. Thus, plaintiff has not demonstrated that this case involves exceptional circumstances which warrant appointment of counsel at the present time.

(2) Defendant's motion to strike documents (Dkt. 9) is GRANTED in part and DENIED in part. Defendant, by way of the instant motion, seeks to strike two documents which it claims were improperly filed by plaintiff. The first document at issue is a notice by plaintiff that he is not demanding a jury trial in this matter. (*See* Dkt. 7.) That document, though not necessary, is not clearly improper and, thus, the notice itself will not be stricken. Plaintiff has attached to that document a number of exhibits which appear to constitute evidence in support of the claims asserted by plaintiff in his complaint. That evidence is not properly before the Court at this time and the exhibits attached to plaintiff's notice are therefore stricken. Plaintiff will have an opportunity to present evidence in support of his claims at a later date.

The second document at issue is a response filed by plaintiff to defendant's answer to plaintiff's complaint. (*See* Dkt. 8.) A response to an answer to a civil complaint is not a proper pleading and is only permitted when specifically ordered by the Court. *See* Fed. R. Civ. P. 7(a). The Court sees no need for such a pleading in this action and, thus, plaintiff's response

and all attached exhibits are stricken.  To the extent plaintiff intended to use his response as a mechanism to get evidence before the Court, plaintiff is once again advised that he will have an opportunity to present evidence in support of his claims at a later date.   The evidence offered is simply premature at this juncture.

Finally, to the extent defendant seeks an order affirmatively rejecting consideration of any direct written correspondence received from plaintiff or any other individual concerning any of the issues in this law suit, its request is denied.  While plaintiff has submitted some unnecessary and/or improper pleadings and documents, he has not engaged in the type of abusive litigation practices which would justify issuance of the order requested by defendant. The Court can effectively address any improper submissions on an individual basis.

(3)   The Clerk of Court is directed to send a copy of this Order to plaintiff, to counsel for defendants, and to the Honorable Ricardo S. Martinez.

DATED this <u>8th</u> day of August, 2014.

_____
Mary Alice Theiler
Chief United States Magistrate Judge

ORDER RE: PENDING MOTIONS
PAGE -3